hmg.4.8.2025

JM/USAO#2022R00550

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _JKB 25cr109_ |
| **v.** | : | |
| | : | **( Willfully Making and Subscribing To A** |
| | : | **False Tax Return, 26 U.S.C. § 7206)** |
| **MOSHE GABAY,** | : | |
| **Defendant.** | : | |
| | : | |

USDC- BALTIMORE
'25 APR 15 PM3:27

## INFORMATION

### COUNT ONE
### (Willfully Making and Subscribing to a False Tax Return)

The United States Attorney for the District of Maryland charges that:

### INTRODUCTION

At all times relevant to this Information:

1.      The defendant, MOSHE GABAY ("GABAY"), a resident of Baltimore, Maryland, owned and operated a pharmacy SINU-RX Pharmacy Inc. ("SINU-RX"), located in Baltimore, Maryland.

2.      Since on or about June 21, 2006, SINU-RX has been organized as a corporation, in which GABAY was the sole shareholder.  GABAY also owned, with his spouse, and operated the entity 211 Reisterstown Road LLC ("211 RR").  211 RR was used to hold ownership of commercial real estate controlled by GABAY, and as a physical location for SINU-RX.

3.      The Internal Revenue Service ("IRS") was an agency within the United States Department of the Treasury responsible for administering and enforcing federal revenue laws and regulations regarding the ascertainment, computation, assessment, and collection of taxes owed to the United States by its citizens and residents.

1

hmg.4.8.2025

JM/USAO#2022R00550

      4.      In order to accurately assess and collect taxes, the IRS must, among other things, determine taxpayers' actual income, credits and deductions. To accomplish this, the IRS used, among other things, the following means:

      a.      S Corporations: Domestic corporations that elect to be taxed as an S Corporation must file an income tax return for each tax year during its operation, whether *or not* they have taxable income. A S Corporation files a U.S. Corporation Income Tax Return for an S Corporation, Form 1120S ("Form 1120S"), with the IRS to report its ordinary business income, losses, deductions, and credits and the Form 1120S also includes a Shareholder's Share of Income, Deductions, Credits, etc., Schedule K-1 ("Schedule K-1") that shows the S Corporation's income, losses, deductions, and credits per shareholder.

      b.      A Schedule K-1 was used to report each shareholder's income, losses, deductions, and credits, which are reported on the shareholder's Form 1040.

      c.      Individuals: In general, every citizen and resident of the United States who received gross income in excess of the minimum filing amount established by law for a particular tax year was required to annually make and file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), with the IRS that accurately reports the taxpayer's taxable income.

hmg.4.8.2025

JM/USAO#2022R00550

    5.      From at least approximately 2017 through 2022, GABAY knowingly and willfully underreported his income from SINU-RX and the income taxes due and owing for each tax year. During this time period, GABAY caused SINU-RX to issue business checks that were made payable to cash and were deposited into GABAY's bank accounts. The business checks included notations within the memo line of the checks that falsely indicated that the check was for prescription expenses. The false notations caused these checks to be categorized as Cost of Goods Sold in SINU-RX's books and records. The books and records of SINU-RX included these inflated business expenses as Cost of Goods Sold, and were relied on by tax preparers hired by SINU-RX and GABAY to prepare Forms 1120S and Forms 1040 for the tax years 2017 through 2022.

    6.      The business checks that were falsely marked as prescription expenses inflated SINU-RX's Cost of Goods Sold by approximately $3,533,130 for the tax years 2017 through 2022. As a result, SINU-RX underreported its business income by a corresponding amount of approximately $3,533,130.

    7.      GABAY was the sole shareholder for SINU-RX during the tax years 2017 through 2022. GABAY's underreporting of SINU-RX's business income caused the preparation of false Schedule K-1's that omitted the actual income from SINU-RX attributable to GABAY. As a result, GABAY falsely underreported his taxable income on his Forms 1040 for tax years 2017 through 2022.

hmg.4.8.2025

JM/USAO#2022R00550

8.    The following table shows SINU-RX's business income as reported to the IRS per

Forms 1120S in comparison to SINU-RX's actual business income:

| Tax Year | Business Income/(Loss) Per Forms 1120S | Business Income/(Loss) Actual |
|---|---|---|
| 2017 | $12,010 | $301,767 |
| 2018 | $2,763 | $673,104 |
| 2019 | -$18,651 | $800,462 |
| 2020 | $19,674 | $480,403 |
| 2021 | $20,469 | $659,389 |
| 2022 | $11,614 | $665,884 |

9.    The following table shows GABAY's taxable income as reported to the IRS per

Forms 1040 in comparison to GABAY's actual taxable income:

| Tax Year | Taxable Income Per Forms 1040 | Taxable Income Actual |
|---|---|---|
| 2017 | $14,682 | $313,395 |
| 2018 | $19,905 | $690,246 |
| 2019 | -$1,312 | $817,801 |
| 2020 | $32,870 | $493,804 |
| 2021 | $28,006 | $671,020 |
| 2022 | $14,448 | $671,041 |

10.    The Defendant's false filings caused a tax loss to the United States of at least

$1,039,550.

4

hmg.4.8.2025

JM/USAO#2022R00550

## THE CHARGE

11.     For the tax year January 1, 2019 through December 31, 2019, in the District of Maryland,

### MOSHE GABAY,

the defendant herein, knowingly and willfully made and subscribed, and filed and caused to be electronically filed with the IRS, a false joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury and which defendant GABAY did not believe to be true and correct as to every material matter; specifically, that the tax return reported that defendant GABAY and his spouse had taxable income/loss of -$1,312 and that defendant GABAY earned passthrough loss of -$18,651 from SINU-RX, whereas, as defendant GABAY knew, he and his spouse actually had substantial taxable income, and GABAY received substantial passthrough income exceeding $500,000 from SINU-RX.

26 U.S.C. § 7206(1)

Date: _April 14, 2025_

_Kelly Hayes / JWM_
**Kelly O. Hayes**
**United States Attorney**

5